EDWIN BIRDSEY *vs.* CITY FIRE INSURANCE COMPANY.

If the original holder of a policy of insurance has no interest in the insured property at the time when a loss covered by the policy occurs, no recovery can be had on such policy in his name for the benefit of a party to whom it has been assigned; the assignment of the policy vesting in the assignee only the rights of the original holder.

Therefore where A. the original holder of a policy assigned it to B. as security for a debt, and afterward conveyed the insured property to C.; and a loss covered by the terms of the policy subsequently occurred,—it was held, in an action brought in the name of A. for the benefit of B. against the insurer, on account of such loss, that the plaintiff could not recover.

It was further held, that although B. took the assignment of the policy in good faith, supposing that he thereby obtained a security which A. could not subsequently impair, and had neglected in consequence to take other security at the time, which he might have taken; and although the policy itself contained a provision for the assignment thereof with the written consent of the insurers, and the assignment in question had been made with such consent; and although the subsequent conveyance of the insured property from A. to C. was fraudulent and void as against B. who was a creditor of A., a part of the same being personal property which had remained in the possession of A.; and although after the conveyance, B. levied an attachment upon the property as the property of A. to recover the same debt for the security of which the assignment had been made, which attachment was in force at the time of the loss; nevertheless, the conveyance from A. to C. being good as between the parties thereto, and having therefore divested A. of all interest in the insured property as between him and the insurer, the plaintiff could not recover.

ACTION of assumpsit tried to the jury upon the general issue at the term of the superior court holden in Middlesex county in February, 1857.

The action was brought upon a policy of insurance, executed September 13, 1854, whereby the defendants had insured certain real and personal property of the plaintiff for the term of one year ending September 13, 1855. The policy contained the following conditions and stipulations, viz.:

" The interest of the insured in this policy is not assignable, unless by consent of this company manifested in writing; and in case of any transfer of the interest of the insured, either by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effect."

" Policies of insurance subscribed by this company shall not be assignable, either before or after loss, without the consent of the company expressed by indorsement made thereon. In case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of the company by virtue of such policy, shall thenceforth cease."

" In case of claim for loss or damage upon a policy assigned, where there is no actual sale or transfer of the property insured, proofs of loss shall be made by the assured in conformity with the conditions of this policy, in like manner as if no assignment had been made."

In October, 1854, the defendants, by an indorsement upon the policy, consented that the interest of the plaintiff in the " policy," subject to " all the terms and conditions therein mentioned and referred to," should be assigned to C. F. Collins; and in November, 1854, the plaintiff then owing Collins a debt greater than the amount insured, executed to him as security for that debt, an assignment of all his title and interest in the " policy " and " all advantage to be derived therefrom."

On the 11th day of December, 1854, the plaintiff, by deed of that date, conveyed all his interest in the insured property to one Ives; and on the 12th day of April, 1855, the property was destroyed by fire.

The plaintiff's indebtedness to Collins continued down to the time of the trial; but it appeared by the evidence which was admitted, that at the time of the assignment of the policy, and from that time down to the time of the fire and subsequently, Collins had no transfer or mortgage of the property, and no other interest therein than would be inferred from the foregoing facts.

In view of these facts it was admitted, for the purposes of the case, that if the conveyance from the plaintiff to Ives was not admissible as evidence in behalf of the defendants, the plaintiff was entitled to recover. The defendants offered the deed in evidence; the plaintiff objected, but the court admitted it.

The plaintiff then offered evidence tending to prove that when Collins, who appeared to have brought this suit for his own benefit in the name of Birdsey, took the assignment of the policy, he had become doubtful of Birdsey's credit; that he supposed the assignment of the policy itself to be good security, which Birdsey could not afterwards impair; that by reason of this belief Collins omitted to procure from Birdsey other security which Birdsey could then have given, and omitted to attach Birdsey's property for the whole debt, Birdsey having, until December 11th, 1854, property exposed to attachment sufficient to secure the debt; that the conveyance from Birdsey to Ives was fraudulent and void as to creditors and therefore as to Collins; that as to the personal property in particular there was never any delivery, but that it always remained in Birdsey's possession and under his control down to the time of the fire, except as it was attached as Birdsey's property by his creditors; that Collins, shortly after he heard of the conveyance to Ives, attached all the property on his claim against Birdsey, as Birdsey's property, and that the attachment of Collins was in force down to the time of the fire, and that at the time of assigning the policy Birdsey was, and at the time of the trial continued to be, deeply indebted. To the admission of any part of this evidence the defendants objected, and the court rejected the whole of it.

The defendants thereupon requested the court to charge the jury that upon the admitted facts of the case the plaintiff could not recover. The plaintiff requested the court to charge to the contrary; but the court charged in conformity with the request of the defendants.

The jury returned a verdict for the defendants, whereupon the plaintiff moved for a new trial.

*T. C. Perkins* and *Tyler*, for the plaintiff.

1. This policy expressly provides for an assignment to a party having no interest in the property; being in this respect unlike all other policies.

2. A policy is, in its nature, an assignable instrument.

*Smith* v. *Saratoga F. & M. Ins. Co.*, 1 Hill, 497. The terms and conditions of such an assignment may be regulated by the parties, as they may regulate the provisions of any other contract. Here the contract in fact is that the interest of the policy and the property shall be separated.

3. The general rule is, that after an assignment of a policy no act of the assignor shall impair the right of the assignee. As by procuring another policy on the same property without notice to the first office. *Charleston Ins. Co.* v. *Neve*, 2 McMull., 237. *Allen* v. *Hudson Riv. Mut. Ins. Co.*, 19 Barb., 442. Or by a sale of the property from one of two jointly assured to the other. *Tillow* v. *Kingston F. & M. Ins. Co.*, 1 Seld., 405. For the same reason the assignor can not impair the assignees' right by a sale of the property.

4. It is true that in the cases above cited the assignee had also an interest in the property; but that was because by the provisions of the policies referred to in those cases such interest was necessary to make good an assignment of the policy. This circumstance can not affect the principle.

5. But even if Birdsey could affect the security of Collins by any act done *bona fide*, he could not affect it by a fraudulent act. Every such act of Birdsey was void as to his creditors, of whom Collins was one, both at common law and by statute. So far as Collins was concerned, Birdsey's interest remained in him, notwithstanding the conveyance.

6. But if Collins must have an interest in the property to entitle him to recover, he had such an interest by his attachment. Phill. Ins., sec. 174. This gave him a lien on the property in the same manner as if Birdsey had made no conveyance, the conveyance being void as to Collins.

7. The defendants are not injured by such a construction of the policy. They have agreed to pay the loss to Collins; it is indifferent to them whether the fee is in Birdsey or Ives.

8. The policy was at no time a gambling policy, as Collins always had a large debt against Birdsey.

9. The question was whether any of the excluded evidence tended to establish our claim. If so, the ruling and the charge were wrong.

*Bulkeley* for the defendants.

There is no error in the rulings of the court in the admission and rejection of the evidence, nor in the charge to the jury.

1. The party insured must have an interest at the time of the issuing of the policy and at the time of the loss in the subject of the insurance, or he can sustain no loss; and not having been damaged he is entitled to no indemnity. Angell Ins., secs. 193, 556. 1 Phill. Ins., 3. *Carroll* v. *Boston Ins. Co.*, 8 Mass., 515. *Howard* v. *Albany Ins. Co.*, 3 Denio, 301. *Wilson* v. *Hill*, 3 Met., 66. *Tyler* v. *Ætna Ins. Co.*, 16 Wend., 385. 2 Am. Lead. Cases, 430, 432. *Powles* v. *Inness*, 11 Mees. & Wels., 10. *Adams* v. *Rockingham Ins. Co.*, 29 Maine, 292. 3 Kent's Com., 375. *Lynch* v. *Dalzell*, 3 Brown's Par. Ca., 479. *Sadlers* v. *Badcock*, 2 Atk., 554. Smith's Merc. Law, 400, 414.

2. The assignee claiming an interest under the assignment alone, has a right to such indemnity from loss as the assignor would have been entitled to if there had been no assignment. His rights can not be more extensive than those of the assignor. 2 Am. Lead. Cases, 487. 1 Phill. Ins., sec., 82. *Carpenter* v. *Washington Ins. Co.*, 16 Pet., 495. *Waters* v. *Allen*, 5 Hill, 421. *Roussett* v. *Ins. Co.*, 1 Binn., 429. Angell Ins., 247.

3. It is not competent for the plaintiff to show his own conveyance to be fraudulent. *Carroll* v. *Boston Marine Ins. Co.*, 8 Mass., 515. *Dadmin Mfg. Co.* v. *Worcester Ins. Co.*, 11 Met., 429. *Carpenter* v. *Washington Ins. Co.*, 16 Pet., 495. 2 Am. Lead. Cases, 490.

4. Such a defense would be inequitable, because the grantee might procure other insurance, and the property be thus largely over-insured.

ELLSWORTH, J. The main question in this case is, whether the superior court was correct in ruling that the defendants might show that, subsequently to the issuing of the policy, the plaintiff had conveyed away the property insured, and had no interest in it at the time of the fire. This we think might be done, for no principle of insurance law is

more familiar than that if the insured has no interest at the time of the fire he can sustain no loss by the fire. Following this principle of law the decision was correct, unless the case can be distinguished from others by some peculiar circumstance, and this is attempted, but we think without success.

It is said, that the assignment of the policy on the 3rd of October, 1854, to C. H. Collins, (who brings this suit in the name of the plaintiff,) it being done with the consent of the defendants, is a circumstance which takes the case out of the general rule. Now the only effect of the assignment was to substitute Collins in the place of the plaintiff, to demand and receive the money which might become due to Birdsey on the policy, as if the policy had not been assigned; and the sale and conveyance of the property itself has nothing to do with that question, unless indeed a sale of the property necessarily follows an assignment of the policy, which no one will assert. The mere assignee of the policy acquires no interest in the property insured. This specific policy covers the property so long as it remains vested in the insured, let who will hold the policy, but no longer, unless indeed a new contract is made with the insurers for the benefit of the new purchaser. Had the property remained in Birdsey, the assignee of the policy could have demanded and sued for the money, but he having parted with it, his assignee is in no better condition than he is himself. The fact that Birdsey's credit was poor, or that Collins had acquired such an interest in or control over the policy as that Birdsey could not recall it, or that Collins might have secured himself at the time in some other way, or that Birdsey had conveyed away the property without adequate consideration, are facts of no material importance. Birdsey was not the owner of the property; he had no interest remaining; and that is enough for this case. His grantee, were he so even by a deed of gift, would be the sole owner of the entire interest, and he alone could insure it. If we are correctly informed, his grantee did get an insurance and has recovered for this very loss upon that policy. At all events this might have been done.

The plaintiff can not be permitted to impeach his own

deed to Ives. It is good against him certainly, and equally good against his creditors, until by legal proceedings they have acquired a title to the property on execution, as we held in the case of *Owen* v. *Dixon*, 17 Conn., 492.

Nor does the fact that the property was under attachment by Collins at the time of the fire make any difference. The attachment did not divest the debtor of his property, nor did Collins thereby acquire any interest in himself beyond a priority to other creditors in case he should recover judgment and levy an execution. But allowing that he did acquire an interest by attaching, that is not any interest which Birdsey got insured by his policy, but a new and distinct interest which originated with the attachment, and which, if insurable at all, should be insured by the creditor as of that peculiar character, for a company might not be willing to insure an inchoate interest by an attachment resting on the result of a law suit, without a new and adequate premium. It is likewise true, as a general rule, that the insured must have his interest in the property at the time of getting his insurance, or else his policy will be a gambling policy; but Collins had no interest by his attachment at that time, nor any other possible interest afterward, unless we allow, which we certainly can not, that Birdsey before he sold to Ives was, and must be held to continue to be, a trustee of his own property for the benefit of Collins. Had the policy run out by the efflux of time, Collins would have been none the better for holding the policy, and a sale of the property before the fire had the same effect.

If Collins intended to hold the property itself when he took an assignment of the policy, he should have taken a mortgage of it. Then he would have had an insurable interest of his own beyond the reach of the mortgagor or his creditors; but as it is, he had at the time no interest of his own, insurable or insured, nor had Birdsey any at the time of the loss.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.